## STATE *vs.* CHARLES WHITTEN.

Kennebec.    Opinion February 1, 1897.

90  53
94  112

*Pleading.    Indictment.    Fish and Game.    Constitutional Law.    R. S., c. 40,*
*§ 54; Stat. 1895, c. 31, § 1.*

The offense of transporting trout except in the possession of the owner, is
sufficiently set out in a complaint which avers that the respondent at a place
and on a day certain "was guilty of catching, killing, netting, and having in
his possession for the purpose of transportation, and did send the same
marked to C. V. Whitten, 6 Winthrop Sqr., Boston, Mass., one trout of the
weight of four and one-half, not being in the possession of the said
respondent, &c. &c."

The averment that the trout weighed four and one-half is not an averment of
any weight, and the penalty recoverable must be that for the transportation
of one trout without any additional penalty to be assessed according to its
weight.

*Held;* that the statute is constitutional.

ON EXCEPTIONS BY DEFENDANT.

This was a complaint for violating the fish and game law, tried
before the Superior Court, Kennebec County, on appeal.

The case appears in the opinion.

*Geo. W. Heselton,* County Attorney, for State.

Complaint sufficient:—Bish. Crim. Proced. 4th ed., § 232, and
notes; *State* v. *Corson* 10 Maine, 473.

The object of this statute is manifestly to prevent the supply of
markets and individuals by fishermen in the State of landlocked
salmon and trout.    It permits the individual in season to catch for
himself, and to take with him anywhere a certain amount, and
prohibits the transportation of the same unless in his possession.

The act charged in this complaint is the very thing which the
act seeks to prevent.

Constitutional law:—*Geer* v. *Connecticut,* 161 U. S. 519, citing
*McReady* v. *Virginia,* 94 U. S. 395; *Manchester* v. *Massachusetts,*
139 U. S. 240; *Phelps* v. *Racey,* 60 N. Y. 10, (19 Am. Rep.
140); *Magner* v. *People,* 97 Ill. 320; *American Express Co.* v.

*People*, 133 Ill. 649, (9 L. R. A. 138); *State* v. *Northern P. Exp. Co.* 58 Minn. 403; *State* v. *Rodman*, 58 Minn. 393; *Ex parte Maier*, 103 Cal. 476; *Organ* v. *State*, 56 Ark. 270; *Allen* v. *Wyckoff*, 48 N. J. L. 93; *Roth* v. *State*, 51 Ohio St. 209; *Gentile* v. *State*, 29 Ind. 415; *State* v. *Farrell*, 23 Mo. App. 176, and cases there cited; *State* v. *Saunders*, 19 Kan. 127, (27 Am. Rep. 98); *Territory* v. *Evans*, 2 Idaho, 634, (7 L. R. A. 288); *Moulton* v. *Libbey*, 37 Maine, 494.

*Edmund F. and Appleton Webb*, for defendant.

Counsel cited:—*Allen* v. *Young*, 76 Maine, 80; *Bennett* v. *Am. Exp. Co.*, 83 Maine, 240; *State* v. *Beal*, 75 Maine, 291. Statute is unconstitutional.

SITTING: PETERS, C. J., FOSTER, HASKELL, WHITEHOUSE, WISWELL, STROUT, JJ.

PETERS, C. J. The complaint against the respondent runs as follows:—"C. B. Bunker of Belgrade in the county of Kennebec, State of Maine.

On the twentieth day of May, A. D. 1895, in behalf of said State, on oath complains, that Charlie Whitten of Belgrade in said County, on the 20th day of May, A. D. 1895, at said Belgrade was guilty of catching, killing, neting and having in his possession for the purpose of transportation, and did send the same marked to C. V. Whitten, 6 Winthrop Sqr., Boston, Mass., one trout of the weight of four and one half not being in the possession of the said Charlie Whitten against the peace of said State and contrary to the form of the Statute in such case made and provided."

Upon his arraignment the respondent pleaded that he was guilty of "shipping" the trout as alleged, was found guilty, and fined in the sum of seventy-two dollars and fifty cents for the offense. From this sentence he appealed. In the court above, without withdrawing his plea of guilty and without leave of court, he demurred to the complaint, these steps constituting rather an irregular proceeding, but possibly permissible inasmuch as the demurrer was duly joined by the prosecuting officer.

The complaint alleges a violation of R. S., c. 40, § 54, as amended by c. 31 of the Laws of 1895 which is as follows:—"No person shall take, catch, kill or have in possession, at any one time, for the purpose of transportation, more than twenty-five pounds of land-locked salmon or trout, in all, nor shall any such be transported except in the possession of the owner thereof, under a penalty of fifty dollars for the offense, and five dollars for every pound of land-locked salmon or trout, in all, so taken, caught, killed, in possession, or transportation in excess of twenty-five pounds, and all such fish transported in violation of this section, may be seized, on complaint, and shall be forfeited to the prosecutor. Whoever has in his possession more than twenty-five pounds in all of such fish, shall be deemed to have taken them in violation of this section. Provided, however, that the taking of one fish additional, when having less than twenty-five pounds shall not be regarded as a violation of the law."

It would be ignoring the indisputable meaning of words to declare that here is not a clear allegation that the respondent had in his possession a trout for the purpose of illegal transportation, and transported it while not in his possession, and that is the offense which the government is prosecuting, although the same offense is also variously and perhaps literally set forth in several ways. If the respondent "sent" the trout, he transported it without accompanying it personally. For this offense the penalty is fifty dollars.

But as the words "four and a-half" may have meant either pounds or ounces, they mean nothing at all and must be rejected. Therefore, the penalty to be imposed must be a fine for the sum named, without any sum in addition "according to the weight of the trout."

Any objection to the complaint for the alleged unconstitutionality of the statute cannot avail. That question has been settled adversely to the objection in many states, and similar enactments have been for many years accepted in this state without any such question. Numerous cases in behalf of the validity of the law are cited on the exhaustive brief filed in behalf of the prosecution.

*Demurrer overruled.*